UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON OSWALT, *as Special Administrator of the estate of* Jeremy Oswalt, Deceased, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) CASE NO. 1:17-cv-00278-TLS-SLC ) |
| SHANE REKEWEG, *individually and in his official capacity as Sheriff of Adams County*, *et al.*, | ) ) ) ) |
| **Defendants.** | ) ) ) |

# OPINION AND ORDER

Before the Court is Defendants' Motion to Strike Portion of Plaintiff's Complaint (DE 28), filed by Defendants on October 3, 2017, seeking to strike the three-page introduction entitled "Statement of the Case" in Plaintiff's complaint. Plaintiff filed a response brief in opposition to the motion on October 13, 2017. (DE 29). Defendants have not filed a reply brief, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(B). Thus, the motion is ripe for adjudication.

For the following reasons, the motion to strike will be DENIED.

### A. *Applicable Legal Standard*

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Techs. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc.*

*v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). However, "a motion that seeks to remove unnecessary clutter serves not to delay, but rather to expedite." *Abayneh v. Zuelch*, No. 2:10-CV-415 RLM-RCB, 2011 WL 572407, at *1 (N.D. Ind. 2011) (citing *Heller Fin., Inc.*, 883 F.2d at 1294).

Motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011) (citing *Heller Fin., Inc.*, 883 F.2d at 1294; *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992)). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

*B. Analysis*

Defendants seek to strike the three-page introduction entitled "Statement of the Case" in Plaintiff's 19-page complaint. (DE 1 at 2-4). The first page of the Statement of the Case describes a purported "epidemic" of individuals with serious mental health illnesses detained in county jails who allegedly receive poor treatment or no treatment at all. The remaining two pages describe, in narrative, Plaintiff's view of his case, essentially summarizing and repeating much of the numbered allegations set forth in the body of the complaint. Defendants observe that the Statement of the Case is "literally from the press release Plaintiff's counsel prepared and concurrently submitted to various media outlets in northeastern Indiana." (DE 28 at 2 (citing DE 28-1)). Defendants assert that the Statement of the Case is "at best improper argument and at worst a clear attempt to 'poison the well[,]'" and that either way, this portion should be stricken as "immaterial, impertinent, and scandalous." (DE 28 ¶ 5).

Plaintiff disputes Defendants' characterization of the Statement of the Case. Plaintiff contends that the Statement of the Case "provides relevant background information and context for the remaining allegations contained within Plaintiff's [c]omplaint." (DE 29 at 2). Plaintiff also challenges Defendants' failure to point out what statements or sentences in particular within the Statement of the Case should be stricken, contending that Defendants' motion conclusorily seeks to strike the entire Statement of the Case. As such, Plaintiff urges that the motion to strike should be summarily denied.

"[A] preliminary statement is generally unnecessary and improper in the context of a defendant's answer to a complaint." *Ramos v. Playtex Prods., Inc.*, Nos. 08 CV 2703, 08 CV 2828, 08 CV 3352, 2008 WL 4066250, at *5 (N.D. Ill. Aug. 27, 2008). However, as already explained, a motion to strike a portion of a pleading will generally be denied unless the portion is prejudicial. *U.S. Liab. Ins. Co.*, 2011 WL 221662, at *1 (citing *Heller Fin., Inc.*, 883 F.2d at 1294; *Tektel, Inc.*, 813 F. Supp. at 1334). The Court agrees that the Statement of the Case in this instance is unnecessary. The first page concerning the alleged national problem relating to the lack of mental health treatment in county jails appears argumentative and rather immaterial to the allegations at issue, and the remaining two pages summarizing Plaintiff's view of the case are redundant with respect to the numbered allegations of the complaint.

Nevertheless, Defendants do not explain any way in which they would be prejudiced if the Statement of the Case remains in the complaint. Defendants' failure to describe, with particularity, how it would be prejudiced by the Statement of Case is fatal to their motion to strike. *See, e.g.*, *Ware v. Hosp. of the Univ. of Pa.*, No. 2:14-cv-00014, 2015 WL 5729243, at *4 (E.D. Pa. Sept. 30, 2015) (denying defendants' motion to strike the introduction section of plaintiff's complaint due to defendants' inability to point to any risk of confusion or prejudice

from the introduction section); *Mark Andy, Inc. v. Cartonmaster Int'l (2012), Inc.*, No. 4:14-CV-986-SPM, 2014 WL 7140630, at *2 (E.D. Mo. Dec. 12, 2014) ("[T]he Court does not find that . . . redundancy alone warrants striking the Introduction in absence of some prejudice to Defendants."); *Fox v. Will Cty.*, No. 04 C 7309, 2011 WL 6206238, at *2 (N.D. Ill. Dec. 7, 2011) (denying motion to strike portions of plaintiff's complaint where defendant failed to explain precisely why plaintiff's allegations are "unduly prejudicial" (citing *Davis v. Ruby Foods*, 269 F.3d 818, 821 (7th Cir. 2001))); *Ind. Ins. Co. v. Westfield Ins. Co.*, No. 10 C 2660, 2010 WL 3404971, at *3 (N.D. Ill. Aug. 26, 2010) (same); *see also Lahr v. Brigadoon Fin., Inc.*, No. 1:15-cv-00106-JD-SLC, 2015 WL 5286790, at *2 (N.D. Ind. Sept. 9, 2015) (denying plaintiff's motion to strike a preliminary statement included in defendant's answer where no prejudice was shown).

In sum, because Defendants failed to explain with specificity how they would be prejudiced by the Statement of the Case portion in Plaintiff's complaint, and because motions to strike are generally disfavored, *see Custom Vehicles, Inc.*, 464 F.3d at 727, Defendants' motion to strike will be DENIED.

### C. Conclusion

For the foregoing reasons, Defendants' motion to strike (DE 28) is DENIED. Defendants are GRANTED leave to file an amended answer, if necessary, on or before November 15, 2017.

SO ORDERED.

Entered this 7th day of November 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge